# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **Freedom Mortgage Corporation** | CIVIL ACTION NO: |
| **Plaintiff** | COMPLAINT |
| vs. | RE: VACANT PROPERTY<br>99 High Street, Sanford, ME 04073 |
| **Tyler P. Goulden a/k/a Tyler Perry Goulden** | Mortgage:<br>July 3, 2017<br>Book 17511, Page 22<br>York County Registry of Deeds |
| **Defendant** | |

NOW COMES the Plaintiff, Freedom Mortgage Corporation, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Freedom Mortgage Corporation, in which the Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden, is the obligor and the total amount owed under the terms of the Note as of

October 22, 2021 in Sanford (it also lacks a breakout of "reasonable interest"is One Hundred Thirty-Eight Thousand Four Hundred Eighty and 67/100 ($138,480.67) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Freedom Mortgage Corporation is a corporation with its principal place of business located at 10500 Kincaid Drive, Fishers, IN 46037.

5. The Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden, is a resident of Arundel, County of York and State of Maine.

## FACTS

6. On July 3, 2017, by virtue of a Warranty Deed from William P. Clifford, which is recorded in the York County Registry of Deeds in **Book 17511, Page 20**, the property situated at 99 High Street, City/Town of Sanford, County of York, and State of Maine, was conveyed to Tyler Perry Goulden, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On July 3, 2017, Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden, executed and delivered to Bangor Savings Bank a certain Note under seal in the amount of $127,546.00.

*See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on July 3, 2017, Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden executed a Mortgage Deed in favor of Bangor Savings Bank, securing the property located at 99 High Street, Sanford, ME 04073 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 17511**, **Page 22**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. The Mortgage was then assigned to Freedom Mortgage Corporation by virtue of an Assignment of Mortgage dated July 13, 2017 and recorded in the York County Registry of Deeds in **Book 17515**, **Page 237**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

10. On July 14, 2021, the Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certified Mailing Tracking Number (herein after referred to as the "Demand Letter"). *See* Exhibit E (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

11. The Demand Letter informed the Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit E.

12. The Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden, failed to cure the default prior to the expiration of the Demand Letter.

13. The Plaintiff, Freedom Mortgage Corporation, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical

possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

14. The Plaintiff, Freedom Mortgage Corporation, is the lawful holder and owner of the Note and Mortgage.

15. The Plaintiff, Freedom Mortgage Corporation, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

16. The total debt owed under the Note and Mortgage as of October 22, 2021 is One Hundred Thirty-Eight Thousand Four Hundred Eighty and 67/100 ($138,480.67) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $119,156.64 |
| Interest | $3,608.32 |
| Escrow/Impound Required | $6,886.98 |
| Mortgage Insurance Premium Due | $81.01 |
| Unpaid Late Charges | $661.36 |
| Additional Items Due | $8,086.36 |
| Grand Total | $138,480.67 |

17. Upon information and belief, the Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

18. The Plaintiff, Freedom Mortgage Corporation, repeats and re-alleges paragraphs 1 through 17 as if fully set forth herein.

19. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 99 High Street, Sanford, County of York, and State of Maine. *See* Exhibit A.

20. The Plaintiff, Freedom Mortgage Corporation, is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Freedom Mortgage Corporation, has the right to foreclosure and sale upon the subject property.

21. The Plaintiff, Freedom Mortgage Corporation, is the current owner and investor of the aforesaid Mortgage and Note.

22. The Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden, is presently in default on said Mortgage and Note, having failed to make the monthly payment due February 1, 2021, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

23. The total debt owed under the Note and Mortgage as of October 22, 2021 is One Hundred Thirty-Eight Thousand Four Hundred Eighty and 67/100 ($138,480.67) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $119,156.64 |
| Interest | $3,608.32 |
| Escrow/Impound Required | $6,886.98 |
| Mortgage Insurance Premium Due | $81.01 |
| Unpaid Late Charges | $661.36 |
| Additional Items Due | $8,086.36 |
| Grand Total | $138,480.67 |

24. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

25. By virtue of the Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

26. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden, on July 14, 2021, evidenced by the Certified Mail Tracking Number  *See* Exhibit E.

27. The Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden, is not in the Military as evidenced by the attached Exhibit F.

## COUNT II – BREACH OF NOTE

28. The Plaintiff, Freedom Mortgage Corporation, repeats and re-alleges paragraphs 1 through 27 as if fully set forth herein.

29. On July 3, 2017, the Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden, executed under seal and delivered to Bangor Savings Bank a certain Note in the amount of $127,546.00.  *See* Exhibit B.

30. The Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden, is in default for failure to properly tender the February 1, 2021 payment and all subsequent payments.  *See* Exhibit E.

31. The Plaintiff, Freedom Mortgage Corporation, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden.

32. The Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

33. The Defendant Tyler P. Goulden a/k/a Tyler Perry Goulden's breach is knowing, willful, and continuing.

34. The Defendant Tyler P. Goulden a/k/a Tyler Perry Goulden's breach has caused Plaintiff Freedom Mortgage Corporation to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

35. The total debt owed under the Note and Mortgage as of October 22, 2021, if no payments are made, is One Hundred Thirty-Eight Thousand Four Hundred Eighty and 67/100 ($138,480.67) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $119,156.64 |
| Interest | $3,608.32 |
| Escrow/Impound Required | $6,886.98 |
| Mortgage Insurance Premium Due | $81.01 |
| Unpaid Late Charges | $661.36 |
| Additional Items Due | $8,086.36 |
| Grand Total | $138,480.67 |

36. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

37. The Plaintiff, Freedom Mortgage Corporation, repeats and re-alleges paragraphs 1 through 36 as if fully set forth herein.

38. By executing, under seal, and delivering the Note, the Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden, entered into a written contract with Bangor Savings Bank who agreed to loan the amount of $127,546.00 to the Defendant. *See* Exhibit B.

39. As part of this contract and transaction, the Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

40. The Plaintiff, Freedom Mortgage Corporation, is the proper holder of the Note and successor-in-interest to Bangor Savings Bank, and has performed its obligations under the Note and Mortgage.

41. The Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden, breached the terms of the Note and Mortgage by failing to properly tender the February 1, 2021 payment and all subsequent payments. *See* Exhibit _.

42. The Plaintiff, Freedom Mortgage Corporation, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden.

43. The Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

44. The Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden, is indebted to Freedom Mortgage Corporation in the sum of One Hundred Thirty-Eight Thousand Four Hundred Eighty and 67/100 ($138,480.67) Dollars, for money lent by the Plaintiff, Freedom Mortgage Corporation, to the Defendant.

45. Defendant Tyler P. Goulden a/k/a Tyler Perry Goulden's breach is knowing, willful, and continuing.

46. Defendant Tyler P. Goulden a/k/a Tyler Perry Goulden's breach has caused Plaintiff, Freedom Mortgage Corporation, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

47. The total debt owed under the Note and Mortgage as of October 22, 2021, if no payments are made, is One Hundred Thirty-Eight Thousand Four Hundred Eighty and 67/100 ($138,480.67) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $119,156.64 |
| Interest | $3,608.32 |
| Escrow/Impound Required | $6,886.98 |
| Mortgage Insurance Premium Due | $81.01 |
| Unpaid Late Charges | $661.36 |
| Additional Items Due | $8,086.36 |
| Grand Total | $138,480.67 |

48. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

49. The Plaintiff, Freedom Mortgage Corporation, repeats and re-alleges paragraphs 1 through 48 as if fully set forth herein.

50. Bangor Savings Bank, predecessor-in-interest to Freedom Mortgage Corporation, loaned Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden, $127,546.00. *See* Exhibit B.

51. The Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden, is in default for failure to properly tender the February 1, 2021 payment and all subsequent payments. *See* Exhibit E.

52. As a result of the Defendant Tyler P. Goulden a/k/a Tyler Perry Goulden's failure to perform under the terms of their obligation, the Defendant, should be required to compensate the Plaintiff, Freedom Mortgage Corporation.

53. As such, the Plaintiff, Freedom Mortgage Corporation, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

54. The Plaintiff, Freedom Mortgage Corporation, repeats and re-alleges paragraphs 1 through 53 as if fully set forth herein.

55. Bangor Savings Bank, predecessor-in-interest to Freedom Mortgage Corporation, loaned the Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden, $127,546.00. *See* Exhibit B.

56. The Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden, has failed to repay the loan obligation.

57. As a result, the Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden, has been unjustly enriched to the detriment of the Plaintiff, Freedom Mortgage Corporation as successor-in-interest to Bangor Savings Bank by having received the aforesaid benefits and money and not repaying said benefits and money.

58. As such, the Plaintiff, Freedom Mortgage Corporation, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Freedom Mortgage Corporation, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Freedom Mortgage Corporation, upon the expiration of the period of redemption;

c) Find that the Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden, is in breach of the Note by failing to make payment due as of February 1, 2021, and all subsequent payments;

d) Find that the Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden, is in breach of the Mortgage by failing to make payment due as of February 1, 2021, and all subsequent payments;

e) Find that the Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due February 1, 2021 and all subsequent payments;

g) Find that the Plaintiff, Freedom Mortgage Corporation, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Freedom Mortgage Corporation, to restitution;

j) Find that the Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden, is liable to the Plaintiff, Freedom Mortgage Corporation, for money had and received;

k) Find that the Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden, is liable to the Plaintiff for quantum meruit;

l) Find that the Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, Freedom Mortgage Corporation, is entitled to restitution for this benefit from the Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Tyler P. Goulden a/k/a Tyler Perry Goulden, and in favor of the Plaintiff, Freedom Mortgage Corporation, in the amount of One Hundred Thirty-Eight Thousand Four Hundred Eighty and 67/100 ($138,480.67 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Freedom Mortgage Corporation,
By its attorneys,

Dated: November 2, 2021

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com